SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1278 PA (CWx) | Date | March 18, 2009 |
|---|---|---|---|
| Title | Dominic Vincent Leslie v. Schering-Plough Biopharma Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before this Court is a Notice of Removal filed by defendant Schering-Plough Biopharma Corporation ("Removing Defendant") on February 23, 2009.  Removing Defendant asserts that jurisdiction exists based on diversity of citizenship.  See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

    Accordingly, in attempting to invoke this Court's diversity jurisdiction, Removing Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.  A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1); New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1301 (9th Cir. 1989).

    First, Removing Defendant does not allege the citizenship of all parties, and alleges the citizenship of a number of parties on information and belief.  (See Notice of Removal, p. 3, ¶ 6–8.)  However, "[a] petition alleging citizenship upon information and belief is insufficient" to establish diversity.  Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963); see also

SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1278 PA (CWx) | Date | March 18, 2009 |
|---|---|---|---|
| Title | Dominic Vincent Leslie v. Schering-Plough Biopharma Corp., et al. | | |

Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

Second, when an action has been removed, and the amount in controversy is in doubt, there is a "strong presumption" that plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

Here, Defendant has pointed to the allegations of Plaintiff Dominic Vincent Leslie ("Plaintiff"):

> In his Complaint, Plaintiff asserts five causes of action, which include causes of action for racial discrimination and retaliation. He seeks recovery for the "severe emotional distress and physical symptoms" he has allegedly suffered "as a result of [the] harassment, and discrimination, such as headaches, anxiety, loss of sleep, nightmares, depression, hopelessness, embarrassment, humiliation, and loss of self-esteem, among other things." Complaint ¶ 30. He further alleges that he "was caused to suffer economic harm, loss earnings and significant inconvenience." Complaint ¶ 36. Finally, Plaintiff seeks an award of punitive damages, injunctive relief and attorneys' fees. Complaint ¶ 44, 45, 56, 57; Prayer for Relief; Simmons v. PCR Tech., 209 F.Supp.2d 1029, 2031 (N.D. Cal. 2002) (amount in controversy satisfied where plaintiff sought compensatory damages, including lost wages, emotional distress damages, punitive damages, and injunctive relief, including attorneys' fees.)

(Notice of Removal, p. 7–8, ¶ 12 (alteration in original).) However, "[i]f the amount in controversy is not clear on the face of the complaint . . . defendant must . . . . submit summary-judgment type evidence to establish that the actual amount in controversy exceeds $75,000." Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted). Defendant has not met its burden to demonstrate that the amount in controversy exceeds $75,000 by a preponderance of the evidence. See Kenneth Rothschild Trust, 199 F. Supp. 2d at 1001.

Finally, all proper defendants in an action must join or consent to a notice of removal. 28 U.S.C. § 1446(a); Prize Frize, 167 F.3d at 1266; Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("[A]ll defendants must join a notice of removal.") (internal citation omitted). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." Prize Frize, 167 F.3d

**SEND**
**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-1278 PA (CWx) | Date | March 18, 2009 |
|---|---|---|---|
| Title | Dominic Vincent Leslie v. Schering-Plough Biopharma Corp., et al. | | |

at 1266.  Here, Removing Defendant simply states that it "is informed and believes" that no other defendant has been served.  (Notice of Removal, p. 2, ¶ 2.)  Removing Defendant's failure to explain affirmatively the absence of the other defendants constitutes a clear procedural defect.  See 28 U.S.C. § 1446(a); Prize Frize, 167 F.3d at 1266.

  Accordingly this Court remands this action to Los Angeles Superior Court, Case No. BC405247, for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.